IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES H. YORK                                                                                                   PLAINTIFF

vs.                                                    CIVIL ACTION NO. 1:13-cv-0217-SAA

CAROLYN W. COLVIN,
COMMISSIONER OF SSA                                          DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the applications of plaintiff James York for disability insurance benefits (DIB) under Title II of the Social Security Act and for Supplemental Security Income (SSI) under Title XVI. Docket 8, p. 149-156. York filed his applications on December 23, 2010, asserting an onset date of July 20, 2010. Docket 8, p. 149,151. The Commissioner denied his claim initially and on reconsideration. Docket 8, pp. 75-78, 94-101. Plaintiff challenged the denial of benefits and filed a request for a hearing before an Administrative Law Judge (ALJ). Docket 8, pp. 102. He was represented by an attorney at the administrative hearing on July 17, 2012. Docket 8, p. 36-55. The ALJ issued an unfavorable decision on August 10, 2012. Docket 8, p. 16-30. The Appeals Council denied his request for review. Docket 8, p. 6-11. Plaintiff filed the instant appeal, and it is now ripe for review. Because both parties have consented to have a magistrate judge conduct all the proceedings in this case under 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

1

Plaintiff was born on October 5, 1962 and was forty-nine years old on the date of the hearing before the ALJ. Docket 8, p. 42. He dropped out of school in the 6th grade. Docket 8, p. 43. He stated at the hearing that he is able to read and write "just a little." *Id.* He was previously employed as a band saw operator, a medium exertional level, semi-skilled job. Docket 8, pp. 44, 50. He claimed disability due to "depression/anxiety, insomnia, hypertension; perifial [sic] artery disease, breathing problems, hepatitis C, liver problems, right knee surgery, cyst on arch of left foot, can't read or write very well, and depression" Docket 8, pp. 21, 178.

The ALJ determined that plaintiff suffers from "severe" impairments of hypertension, diabetes, hepatitis C, peripheral artery disease, right knee pain, shortness of breath, borderline intellectual functioning, dysthymia, general anxiety disorder, and an antisocial personality disorder. Docket 8, pp. 21-23. Despite finding he had these severe impairments, the ALJ determined that plaintiff does not have an impairment or a combination of impairments that meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, App. 1. Docket 8, pp. 23-25, Finding No. 4. The ALJ examined the evidence in the record and the opinions of the plaintiff's treating physician Dr. Donald Smith, consultative examining physician Dr. Christopher Davis, non-examining state agency consultants Dr. Robert Culpepper and Dr. Vicki Prosser, and consultative examining psychologist, Dr. Joe Edward Morris, who performed a mental evaluation. This evidence, including the plaintiff's testimony and statements from plaintiff's friend Rita Sharp and his sister Kathy Sanders, led the ALJ to conclude that plaintiff's residual functional capacity [RFC] includes

> occasionally lifting 50 pounds, frequently lifting 25 pounds, standing/walking for six hours, sitting for six hours, frequently climbing ramps and stairs, occasionally balancing, stooping, kneeling, crouching, crawling, climbing ladders, ropes and scaffolds and that he was limited to simple, routine, repetitive tasks with

occasional interaction with supervisors, co-workers and the public and that he could adapt to only few, if any, changes in the workplace setting.

Docket 8, p. 25, Finding No. 5. In reaching this RFC decision the ALJ found the plaintiff's subjective complaints less than fully credible and that his allegations of stringent functional limitations were disproportionate to the objective medical evidence. Docket 8, pp. 21-22.

The ALJ found that even though this RFC left plaintiff unable to perform his past relevant work [Docket 8, p. 28, Finding No. 6], in light of testimony from a vocational expert (VE) and plaintiff's age, education, work experience and RFC, jobs exist in significant numbers in the national economy that plaintiff could perform, including janitor, DOT number 382.664-010; packager, DOT number 920.587-018; and chair assembler, DOT number 709.684-014. Docket 8, p. 29, Finding No. 10.

Plaintiff now appeals to this court claiming the ALJ's RFC for plaintiff is not supported by substantial evidence, resulting in his ultimate decision being unsupported by substantial evidence, and the ALJ erred in failing to "give good reason" for not granting controlling weight or deference to the opinion of plaintiff's treating physician or to contact the treating physician to resolve any conflict, incompleteness or ambiguity with regard to the doctor's opinion. Docket 12.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[1] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at

---

[1] *See* 20 C.F.R. §§ 404.1520, 416.920 (2010).

each of the first four levels, then the burden shifts to the Commissioner at step five.[2] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[3] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[4] At step three, the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[5] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[6] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[7] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[8]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v.*

---

[2] *Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[3] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2010).

[4] 20 C.F.R. §§ 404.1520(c), 416.920(c) (2010).

[5] 20 C.F.R. §§ 404.1520(d), 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

[6] 20 C.F.R. §§ 404.1520(e), 416.920(e) (2010).

[7] 20 C.F.R. §§ 404.1520(g), 416.920(g) (2010).

[8] *Muse*, 925 F.2d at 789.

*Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). It is the court's responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the Commissioner applied the proper legal standards in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not re-weigh the evidence or substitute its judgment for that of the Commissioner,[9] even if it finds that the evidence leans against the Commissioner's decision.[10] In the Fifth Circuit substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The proper inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

### III. DISCUSSION

1. <u>Substantial Evidence</u>

---

[9] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[10] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

The substance of plaintiff's argument that the ALJ's determination of plaintiff's physical RFC is not based on substantial evidence because the ALJ attributed "great weight" to the report of the non-examining, non-treating, reviewing physician, Dr. Culpepper, rather than either plaintiff's treating physician, Dr. Smith, or the state agency examining physician, Dr. Davis, whose opinions the ALJ gave "little weight."

In the Fifth Circuit, an ALJ must consider all medical opinions in determining the disability status of a benefits claimant. *Newton v. Apfel,* 209 F.3d 448, 456 (5th Cir. 2000); 20 C.F.R. §§ 404.1527(b), 416.927(b). Nonetheless, opinions on ultimate issues, such as disability status under the regulations, are reserved exclusively to the ALJ. *Id.* at 455; 20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1). Statements by medical sources to the effect that a claimant is "disabled" are not dispositive, but an ALJ must consider all medical findings and evidence that support those statements. *Id.; see also Alejandro v. Barnhart*, 291 F. Supp. 2d 497, 507 (S.D. Tex. 2003).

Dr. Culpepper, who examined only plaintiff's medical records and not the plaintiff himself, completed a Physical Residual Functional Capacity Assessment form on May 16, 2011. He found plaintiff capable of occasionally lifting 50 pounds, frequently lifting 25 pounds, standing/walking about six hours, sitting for a total of six hours and occasionally balancing, stooping, kneeling, crouching and crawling. Docket 8, pp. 457-464. The ALJ assigned "great weight" to Dr. Culpepper's opinion, finding it was "based on objective medical findings" and "supported by [plaintiff's] elevated blood pressure, normal recent cardiac studies, normal gait, only mildly limited range of motion in one lower extremity, lower extremity sensation within normal ranges and consistently normal liver function testing." Docket 8, p. 27. The ALJ's RFC

6

finding quoted above incorporates Dr. Culpepper's opinion, opinions from Dr. Vicki Prosser and Dr. Joe Edward Morris, as well as, but to a lesser extent, the opinions of Dr. Davis and Dr. Smith. *Id.* at 26-28.

Plaintiff notes that Dr. Culpepper checked "no" in answer to the question of whether there was a medical source statement regarding Plaintiff's physical capabilities in the file. Docket 12, p. 5; *see* Docket 8, p. 463. This check mark, argues plaintiff, demonstrates that Dr. Culpepper did not fully review and incorporate the plaintiff's complete medical record because Dr. Smith had completed two pain and residual functional questionnaires – the first in May 2010,[11] and the second in July 2012[12] – both restricting plaintiff to less than sedentary work. Further, plaintiff argues that Dr. Smith, plaintiff's primary physician, specifically referred to plaintiff's increased liver function tests and low blood platelet counts which represent objective medical evidence to support his opinions. Docket 12, p. 4, citing Docket 8, p. 513.

The court is not persuaded that Dr. Culpepper's checking the "no" box should lead to a finding that there is a lack of substantial evidence to support the ALJ's RFC determination. The only form that was in the record at the time of Dr. Culpepper's review was Dr. Smith's opinion and form entitled "Pain and Residual Function Questionnaire," and this evaluation predated plaintiff's alleged onset date of July 20, 2010. Plaintiff did not allege disability until some time after Dr. Smith found he could perform less than sedentary work. Moreover, plaintiff stated that

---

[11] Docket 8, pp. 513-17. This questionnaire pre-dates plaintiff's disability onset date.

[12] Docket 8, pp. 628-32. This questionnaire post-dates Dr. Culpepper's review of the records.

he left his job because he was laid off.[13]  The ALJ must determine a claimant's RFC based on all of the relevant medical and other evidence.  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  Despite the presence in the record of a form from Dr. Smith, that form predated plaintiff's alleged onset date; the evidence in the record upon Dr. Culpepper's review did not contain a "medical source statement" relevant to the date of the claim.  Further, even if the form from Dr. Smith is considered as a medical source statement, the court finds that any error in Dr. Culpepper checking the wrong box was harmless.

"The burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Simmons,  556 U.S. 396, 409 (2009), citing *Nelson v. Apfel*, 131 F.3d 1228, 1236 (7th Cir. 1997).   The mere fact that the Commissioner has committed error in its interpretation or administration of the law does not require intervention by the reviewing court if the error is judged harmless.  4 Soc. Sec. Law & Prac. § 55:63.  In this instance, Dr. Culpepper's error, if it is error at all, is clerical and does not require more analysis. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988).  The ALJ analyzed all of the medical evidence in the record.  He detailed the opinions of all the medical experts and their findings. The evidence in the record was sufficient to establish the ALJ's RFC determination.

2.  Failure to afford weight to a treating physician's opinion

In May 2010 treating physician Dr. Smith provided a statement of plaintiff's residual functional capacity opining that the plaintiff was unable to sit, stand or walk for more than 10 minutes at a time, could not lift more than 10 pounds, was severely limited in his upper

---

[13] At the hearing before the ALJ, plaintiff testified,"[t]hey laid me off or something to get rid of me so they could get somebody in there younger, something like that." Docket 8, p. 44.

extremities for reaching and manipulation and would miss more than four days per month of work due to his impairments. Docket 8, pp. 493 - 497. In July 2012 Dr. Smith gave an even more limited functional capacity opinion based on an additional diagnosis of back pain. Docket 8, pp. 608-613. The ALJ determined that treating physician Dr. Smith's opinion was entitled to "little weight" because "[t]he objective medical evidence shows no more than a mild degree of any impairment and does not support . . . an extreme level of limitation." Docket 8, p. 28. Plaintiff argues that the ALJ failed to provide "good cause" for assigning lesser weight to the opinions of plaintiff's treating physician.

Dr. Smith's May 2010 residual function questionnaire listed extreme pain in most areas of Plaintiff's body as symptoms of his impairments. Docket 8, p. 494 ("+4/5 Pain, Daily, Some "Good & Bad" Days"). The ALJ further noted that Dr. Smith found plaintiff could not sit, stand, or walk for more than ten minutes at a time. Docket 8, 495 ("10 Min or less"). However, in describing his daily activities, plaintiff stated "mainly just [sit] and watch tv," and estimated that he could stand "maybe about 20 minutes," "lift 10, 15 pounds" and walk 15 minutes. Docket. 8, pp. 26, 45. By plaintiff's own testimony he is more capable than Dr. Smith opined. Docket 8, p. 45. The ALJ noted these and other discrepancies in his opinion. Docket 8, pp. 28.

The ALJ also determined that the plaintiff was less than fully credible. Docket 8, pp. 27-28. Thus, in discounting Dr. Smith's disability function questionnaire, the ALJ properly considered the lack of consistency between Dr. Smith's opinion and the record as a whole. See 20 C.F.R. §§ 404.1527(d)(4), 416.927(d)(4). The ALJ explained that he discounted Dr. Smith's opinion because it departed substantially from the rest of the evidence of record. Docket. 8, p. 28. The court finds that the ALJ properly considered, but discounted, Dr. Smith's statements.

9

The Fifth Circuit has held that an ALJ may afford little or lesser weight to the opinions of a treating physician for "good cause." *See Greenspan v. Shalala*, 38 F.3d 232, 237-238 (5th Cir. 1994). Under *Greenspan*, the Fifth Circuit recognized several "good cause exceptions" including "disregarding statements that are brief and conclusory, not supported by medically acceptable clinical laboratory diagnostic techniques, or otherwise unsupported by the evidence." *Greenspan* 38 F.3d at 237, citing *Scott v. Heckler,* 770 F.2d 482, 485 (5th Cir. 1985). It is within the authority of the ALJ "to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." *Id.;* see also 20 C.F.R. § 404.1527(c)(2). In this case both ample medical evidence from both reviewing and examining physicians who had knowledge of the plaintiff's conditions and limitations and the plaintiff's own testimony support the ALJ's finding that Dr. Smith's opinions were entitled to little weight. In the court's view, Dr. Smith's records do not reveal substantive information that would have or could have altered the ALJ's decision. The ALJ correctly relied on Drs. Culpepper, Morris and Prosser more heavily than Dr. Smith regarding the medical diagnosis and insofar as Dr. Smith's opinion relates to the legal determination of disability, an area which is reserved exclusively to the ALJ. *Chambliss v. Massinari,* 269 F.3d 520 (5th Cir. 2001). The court holds that the ALJ's decision applied proper legal standards and is supported by substantial evidence. *See also Reynolds v. Astrue*, 2010 WL 583918 (N.D. Miss. Feb. 16, 2010).

## IV. CONCLUSION

After thoroughly reviewing the evidence presented to the ALJ and to the Appeals Council and the record as a whole, the court holds that the ALJ's opinion was supported by substantial evidence, and the decision of the Commissioner should be affirmed. A separate judgment in

accordance with this Memorandum Opinion will issue this date.

**SO ORDERED**, this, the 29th day of July, 2014.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE